```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           ASHEVILLE DIVISION
            1:09CV217-MU-02
```

| | |
|---|---|
| DARRELL GAINES, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>L. TOMASETTI, Officer )<br>  with the Asheville Po- )<br>  lice Department; )<br>DAVID NASH, Supervisor )<br>  with the Housing Au- )<br>  thority of the City of )<br>  Asheville; )<br>J. CLINARD, Officer with )<br>  the Asheville Police )<br>  Department; and )<br>JOHN DOE, Officer with )<br>  the Asheville Police )<br>  Department, )<br>    Defendants. )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed June 5, 2009.

According to the Complaint, beginning on May 25, 2006 and continuing until April 14, 2007, Plaintiff was arrested four times by Officer Clinard and one time by Officer Tomasetti all for trespassing at a public housing project managed by the Housing Authority of the City of Asheville. Plaintiff further alleges that on the occasion of one of those arrests, he sustain-

ed bruises and abrasions and was treated and released from an area hospital as a result of Defendant Tomasetti's having handcuffed him too tightly.

In any event, Plaintiff alleges that each time that he was arrested, he was taken before a magistrate who directed the Officers to release Plaintiff because he was not on the "Ban[ned] List," that is, the list of persons who were banned by the Housing Authority from coming onto area public housing properties. Furthermore, Plaintiff claims that at all times relevant to his Complaint, he had in his possession a letter from the Housing Authority stating that he was not on the Banned List.

Based upon the foregoing, Plaintiff is seeking a declaratory judgment that "the physical abuse of the Plaintiff by defendants Tomasetti, Clinard and Doe violated the Plaintiff's rights under the Eighth Amendment . . . and constituted assault and battery under State law due to the unlawful restraint of the Plaintiff's personal liberty . . . a false arrest [and] false imprisonment." Plaintiff further seeks a judgment stating that Defendant Doe's "failure to take action to curb the physical abuse of Plaintiff" constitutes a violation of his Eighth Amendment rights and an assault and battery under state law. Plaintiff also is seeking a judgment stating that Defendant Nash's failure to conduct a hearing violated his constitutional rights. Last, Plaintiff is requesting compensatory damages for the alleged violations of his

rights.  However, after careful review, the Court has determined that Plaintiff can only proceed with certain of his allegations against Defendants Clinard and Tomasetti.

That is, Plaintiff's claim against Defendant Nash merely alleges that Nash violated his rights by failing to conduct an otherwise unspecified "hearing."  Plaintiff does not explain the purpose of such hearing, or how Nash's alleged failure to conduct it somehow rises to the level of a constitutional violation.  Similarly, Plaintiff alleges that Defendant Doe "failed to take action to curb the physical abuse . . . ," however, he does not explain what position Doe holds with the Asheville Police Department or why he believes Doe had an obligation to take action in Plaintiff's behalf.  Nor does Plaintiff explain how it was that Doe even gained knowledge of the allegedly unlawful conduct.

However, it is well settled that to survive a review for factual frivolity, a plaintiff proceeding <u>in forma pauperis</u>, as in this case, cannot rely merely upon "conclusory allegations" <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996), <u>citing</u> <u>White v. White</u>, 886 F.2d 721, 723-24 (4th Cir. 1989).  To put it another way, a plaintiff "must present more than naked allegations" to survive dismissal.  <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1994).  Consequently, it goes without saying that these two individuals are entitled to a dismissal as Plaintiff has failed to state a claim for relief as to these two Defendants.

3

Turning next to Plaintiff's claim for the injuries which he allegedly sustained during his arrest by Defendant Tomasetti, the Court finds that such allegation does not state a claim for relief. That is, Plaintiff's allegation clearly shows that his injuries were, at most, <u>de minimis</u>. Because the law excludes from constitutional recognition conduct which gives rise to <u>de minimis</u> injury, Plaintiff cannot establish an entitlement to relief on this allegation. <u>See generally</u> <u>Riley v. Dorton</u>, 115 F.3d 1159, 1167 (4th Cir. 1997).

On the other hand, Plaintiff has, at least up to this point, set forth facts which are sufficient to state claims for false arrest against Defendants Clinard and Tomasetti. Therefore, the Court will direct these two Defendants to file responses to Petitioner's remaining allegations in accordance with the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's allegations against **Defendants Nash and Doe** are **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted as to them. The Clerk is directed to **DELETE** these two Defendants names from the docket sheet and from the caption of this case.

2. Plaintiff's allegation for damages against Defendant Tomasetti for the minor injuries which he sustained during an arrest also is **DISMISSED** for Plaintiff's failure to state a claim

4

for relief on that basis.

4. The Clerk is directed to prepare process for Defendants Clinard and Tomasetti, and deliver same to the U.S. Marshal.

4. The U.S. Marshal shall serve process upon Defendants Clinard and Tomasetti.

5. Defendants Clinard and Tomasetti shall respond to Plaintiff's remaining allegations in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: June 26, 2009

Graham C. Mullen
United States District Judge