UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv217

| | | |
|---|---|---|
| DARRELL GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LOUIS TOMASETTI, Officer, Asheville | ) | |
| Police Department; and | ) | |
| JUSTIN CLINARD, Officer, Asheville | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the following motions:

(1)  Plaintiff's motion for a transcript of the medical information contained on a compact disc (Doc. No. 16);

(2)  Plaintiff's motion to compel the production of documents (Doc. No. 17);

(3)  Plaintiff's motions for the appointment of counsel (Doc. Nos. 18 and 27);

(4)  Plaintiff's motion for information (Doc. No. 22);

(5)  Defendant Tomasetti's motion for judgment on the pleadings (Doc. No. 24);

(6)  Plaintiff's motion for leave to file an amended complaint (Doc. No. 26);

(7)  Defendant Tomasetti's motion for enlargement of time (Doc. No. 28); and

(8)  Plaintiff's motion for entry of default (Doc. No. 34).

Pertinent to the instant motions, on June 5, 2009, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging, inter alia, that on May 25, October 17, and December 28, 2006, and on April 14,

2007, Defendant Clinard arrested him for trespassing on properties managed by the Housing Authority of Asheville, claiming that Plaintiff' had been banned from such properties. (Doc. No. 1 at 4-5). The Complaint further alleges that on February 16, 2007, Defendant Tomasetti arrested him on an additional trespassing charge based upon his alleged banishment from such property. (Id. at 5). According to Plaintiff, after each of the arrests by Defendant Clinard, he was taken before a North Carolina magistrate who advised that Plaintiff was not banned from the properties and ordered his immediate release. (Id. at 4-5). Consequently, Plaintiff claims that all of his arrests were false and were made in violation of his constitutional rights. (Id.). The Complaint also alleges that on the occasion when Defendant Tomasetti arrested him, Plaintiff's wrists and arms were bruised and he sustained abrasions because the handcuffs were applied too tightly, and that his injuries required medical treatment at a local hospital. (Id. at 5). Ultimately, Plaintiff's Complaint seeks declaratory and monetary relief on his allegations against both Defendants. (Id. at 6-7).

After conducting an initial review, on June 29, 2009, the Court entered an Order dismissing two other parties from this action and directing Defendants Clinard and Tomasetti to respond to the allegations against them. (Doc. No. 4). On July 6, 2009, the summonses were returned with notations that each Defendant was served with process on July 2, 2009, at his place of employment, the Asheville Police Department. (Doc. Nos. 7 and 8). However, on July 8, 2009, the summons for Defendant Clinard was returned to the Court with a notation explaining that service could not be accomplished on Clinard because he no longer worked for the Asheville Police Department. (Doc. No. 9). Consequently, Plaintiff's motion for information (Doc. No. 22) asks the Court to order the Asheville Police Department or the Asheville City Attorney to provide him with a valid mailing address for this Defendant. However, after having carefully considered this request, the Court finds that because Plaintiff is an inmate in the custody of the North Carolina Department of

Corrections, giving him access to the mailing address of a former police officer could pose a safety risk at his Prison. Therefore, Plaintiff's motion for information will be denied. Instead, the Court will direct counsel for Defendant Tomasetti to contact the Asheville Police Department, secure an accurate mailing address for Defendant Clinard, and file that information under seal with the Court. The Court will also direct the Clerk to issue process for Defendant Clinard upon receipt of the address information from counsel.

Furthermore, "Rule 4(m) requires the district court to 'extend the time for service to an appropriate period' if there is 'good cause' for not serving the defendant 'within 120 days after the complaint is filed.'" Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (citing Rule 4(m) of the Federal Rules of Civil Procedure). Because Defendant Clinard was not timely served with process, and Plaintiff is incarcerated, appearing pro-se, and relying upon the U.S. Marshal for service of process, the Court finds that there is good cause to extend the time for service of the Complaint. Therefore, Plaintiff will be given an additional sixty days from the entry of this Order to serve Defendant Clinard with process.

Plaintiff also has filed a motion to compel (Doc. No. 17), seeking the production of unspecified documents and answers to interrogatories from both Defendants, and a motion for entry of default (Doc. No. 34) based upon the reported failure of both Defendants to respond to Plaintiff's motion for summary judgment. (Doc. No. 25). Inasmuch as Defendant Clinard has not yet been made a party to this action, the Court will dismiss these two motions as premature. Similarly, Defendant Tomasetti has filed motions for a judgment on the pleadings and for an enlargement of time to reply to Plaintiff's response to his motion for a judgment on the pleadings. (Doc. Nos. 24 and 28, respectively). Again, however, Defendant Clinard has not yet become a party to this action; therefore, the Court will stay Defendant Tomasetti's motion for a judgment on the pleadings and will

3

dismiss his motion for an enlargement of time as premature. Once Defendant Clinard files his response to Plaintiff's Complaint, the Court will enter a scheduling order setting appropriate filing deadlines for any outstanding motions and pleadings.

Plaintiff has filed a motion requesting a typed copy of the medical information from a compact disc that was submitted to the Court by the hospital that treated him following his arrest by Defendant Tomasetti. (Doc. No. 16). However, the Court's docket sheet reflects that a deputy clerk already has sent Plaintiff a copy of the requested materials. Therefore, this motion will be dismissed as moot.

Plaintiff also has filed two motions for the appointment of counsel. (Doc. Nos. 18 and 27). The Court previously entered an Order (Doc. No. 23) denying Plaintiff's three earlier motions for the appointment of counsel. (Doc. Nos. 13, 14 and 15). Such order clearly advised Plaintiff that the law did not give him a right to court appointed counsel in this civil proceeding. It further notified Plaintiff that his allegations did not present exceptional circumstances requiring the Court's solicitation of an attorney to assist him because his claims were not complex and his pleadings reflect his ability to adequately present those claims. (Id. at 3). The Court's review of the current motions for counsel has not altered that earlier assessment of these matters. Therefore, these two motions also will be denied.

Last, Plaintiff has filed a motion for leave to file an amended Complaint in order to sue the North Carolina magistrate who issued the arrest warrant that was executed by Defendant Tomasetti. (Doc. No. 26). Plaintiff seeks to allege that the magistrate conspired with other persons "known and unknown" to interfere with his constitutional rights by issuing a false arrest warrant. (Id. at 4). The Federal Rules of Civil Procedure provide that when a party seeks to amend a pleading more than twenty-one days after the opponent has responded thereto, the party must either secure written

consent from the opponent or permission from the court. Fed. R. Civ. P. 15(a)(1) and (2). While leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court has discretion to deny a motion to amend when, among other reasons, an amendment would be futile. Equal Rights Center v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)).

It is well settled that "[m]agistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." King v. Myers, 973 F.2d 354, 356-57 (4th Cir. 1992) (citing Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)). Thus, a State magistrate, like a judge, "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Unlike his allegations against Defendants Clinard and Tomasetti – where Plaintiff expressly asks for monetary damages and declaratory relief – Plaintiff does not specify what relief he is seeking on his proposed claim against the magistrate. Rather, he simply asks the Court to "issue relief" on his behalf or allow "a jury trail [sic] on all issues." (Doc. No. 26-1 at 4). Moreover, Plaintiff does not allege any facts to establish that by issuing the arrest warrant, the magistrate acted in the clear absence of all jurisdiction. Therefore, to the extent that Plaintiff intended to seek monetary damages from him, the magistrate is immune from liability on this proposed claim. King, 973 F.2d at 356-57. Likewise, in light of Plaintiff's failure to include a demand for equitable or declaratory relief with his proposed claim against the magistrate, such proposed allegation fails to state any cognizable claim for relief under § 1983. See Timmerman v. Brown, 528 F.2d 811, 812 (4th Cir. 1975) (noting magistrate's immunity from suit for money damages but not from requests for equitable or declaratory relief) (citing Younger v. Harris, 401 U.S. 37 (1971)). Plaintiff's motion

to amend will be denied as futile.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion for a typed copy of the medical information contained on a compact disc (Doc. No. 16) is **DENIED as moot**;

2. Plaintiff's motion to compel the production of documents (Doc. No. 17) is **DENIED as premature**;

3. Plaintiff's motions for the appointment of counsel (Doc. Nos. 18 and 27) are **DENIED**;

4. Plaintiff's motion for information (Doc. No. 22) is **DENIED**;

5. Defendant Tomasetti's motion for a judgment on the pleadings (Doc. No. 24) is **STAYED** pending the Court's entry of scheduling order;

6. Plaintiff's motion for leave to file an amended complaint (Doc. No. 26) is **DENIED as futile**;

7. Defendant Tomasetti's motion for enlargement of time (Doc. No. 28) is **DENIED as premature**;

8. Plaintiff's motion for entry of default (Doc. No. 34) is **DENIED as premature**;

9. Within twenty (20) days of the entry of this Order, Mr. Curtis W. Euler, Esquire, is directed to contact the Asheville Police Department, secure an accurate mailing address for former officer J. Clinard, and file that information under seal with the Court;

10. Upon receipt of that information, the Clerk shall prepare process and deliver it to the U.S. Marshal;

11. Within sixty (60) days of the entry of this Order, the U.S. Marshal shall serve process

upon Defendant Clinard; and

12. The Clerk and the U.S. Marshal are directed to redact Defendant Clinard's mailing address from all documents they file with the Court.

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge