UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-217-RJC

| | |
|---|---|
| DARRELL GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LOUIS TOMASETTI, Officer, Asheville ) | ORDER |
| Police Department; and ) | |
| JUSTIN CLINARD, Officer, Asheville ) | |
| Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon the following motions:

(1) Defendant Tomasetti's Motion for Judgment on the Pleadings (Doc. No. 24);

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 32);

(3) Plaintiff's Motions for Leave to File an Amended Complaint (Doc. Nos. 52; 61);

(4) Defendants' Motion for Enlargement of Time (Doc. No. 54);

(5) Plaintiff's Motion for Entry of Default (Doc. No. 57);

(6) Plaintiff's Motion for Appointment of Counsel (Doc. No. 58); and

(7) Plaintiff's Motion to Amend Evidence (Doc. 62).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Pertinent to the instant motions, on June 5, 2009, Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983 alleging, <u>inter alia</u>, that he had been subjected to several violations of his constitutional rights. (Doc. No. 1 at 4-5). Upon initial review, the Court determined that Plaintiff's allegations against Defendant Justin Clinard ("Clinard"), alleging several instances of false arrest, and against Defendant Louis Tomasetti ("Tomasetti"), alleging one instance of false

arrest, sufficiently stated claims for relief. (Doc. No. 4). Accordingly, on June 29, 2009, the Court entered an Order dismissing the other claims and defendants, and directing Tomasetti and Clinard to respond to the Complaint. (Id.). On July 2, 2009, Tomasetti was served with process, (Doc. No. 7), and on July 17, 2009, he filed an Answer to Plaintiff's allegations, (Doc. No. 10). On December 9, 2010, after obtaining Clinard's address information from Tomasetti's attorney, the United States Marshal served process upon Clinard, who was no longer employed by the Asheville Police Department. (Doc. No. 48).

Clinard's Answer was due by December 30, 2010. FED. R. CIV. P. 12(a)(1)(A)(I); (Doc. No. 48). However, on December 28, 2010, Clinard filed a Motion for Enlargement of Time to Answer, seeking a 30-day extension. (Doc. No. 50). On January 10, 2011, the Court entered an Order granting Clinard's Motion for Enlargement of Time and directed him to file his Answer by January 29, 2011. (Doc. No. 53). Clinard filed his Answer on January 31, 2011.

## II. PLAINTIFF'S MOTIONS

### A. Plaintiff's Motion for Entry of Default

The Court first turns to Plaintiff's Motion for Entry of Default against Clinard. (Doc. No. 57). Plaintiff asserts that he is entitled to an entry of default because Clinard failed to file his Answer by the Court's January 29, 2011 deadline. (Id.). Federal Rule of Civil Procedure 6(a)(1)(C) provides that when computing a time period specified in any court order, the calculations must "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Therefore, although the Court's Order stated that Clinard's Answer was due on Saturday, January 29, 2011, it was timely filed on Monday, January 31, 2011 pursuant to Rule 6(a)(1)(C). Accordingly, Clinard is not in default and Plaintiff's Motion for Entry of Default,

2

(Doc. No. 57), must be denied.

### B.     Plaintiff's Motion for Appointment of Counsel

Plaintiff filed his sixth Motion for Appointment of Counsel, (Doc. No. 58), on February 18, 2011. By such Motion, Plaintiff asserts, <u>inter alia</u>, that he is unable to afford counsel, he has no access to a law library and limited knowledge of the law, his imprisonment will greatly limit his ability to litigate his claims, the issues in his case are becoming complex and will require significant research and investigation, he will need assistance with learning the identities of certain officers whose names are not reflected in various Buncombe County Court documents, and that a trial in this matter likely will involve conflicting evidence that would be better handled by an attorney. (Doc. No. 58 at 1-2, 5).

As the Court previously explained to Plaintiff, (Doc. Nos. 23, 39), the appointment of counsel under 28 U.S.C. § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). Counsel should be appointed only in "exceptional circumstances." <u>Id.</u> The existence of "exceptional circumstances" depends upon two factors: type and complexity of the case and ability of the pro se litigant to present his case. <u>Whisenant v. Yuan</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds by</u> <u>Mallard v. United States District Court</u>, 490 U.S. 296, 309 (1989).

First, this is not a complex case. Second, Plaintiff's filings continue to demonstrate that he is articulate and capable of effectively communicating his position to the Court. Therefore, Plaintiff's Motion for Appointment of Counsel, (Doc. No. 58), is denied.

### C.     Plaintiff's Motions for Leave to File an Amended Complaint

Plaintiff filed Motions for Leave to Amend Complaint on January 5, 2011, (Doc. No. 52), and April 18, 2011, (Doc. No. 61). Plaintiff's January 5, 2011 Motion for Leave to Amend

3

Case 1:09-cv-00217-RJC   Document 66   Filed 09/30/11   Page 3 of 6

Complaint is superseded by his April 18, 2011 motion and is dismissed as moot.

Plaintiff's April 18, 2011 Motion for Leave to Amend Complaint, (Doc. No. 61), is granted. Under 28 U.S.C. § 1915A(a), the Court must perform an initial review of Plaintiff's Complaint as amended to identify any cognizable claims and dismiss any allegation that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Here, the Court has already found that Plaintiff's false arrest claims against Clinard and Tomasetti are sufficient to pass initial reivew. (Doc. No. 4 at 4). Plaintiff's amendment makes those same allegations against new officers: Darryl Fisher, L.K. Torgow, C. Jones, McCabe, Tammy Bryson, and Bigelow. (Doc. No. 61-1). For the reasons cited in this Court's June 29 Order, (Doc. No. 4), Plaintiff's new claims pass initial review under § 1915A.

Plaintiff's April 18, 2011 Motion for Leave to Amend Complaint, (Doc. No. 61), supersedes all previously filed Complaints. By this Order, the Court directs Defendants to respond to Plaintiff's Amended Complaint, (Doc. No. 61-1).

### D. Plaintiff's Motion for Summary Judgment

Plaintiff filed a Motion for Summary Judgment on June 25, 2010. (Doc. No. 32). In his Motion for Summary Judgment, Plaintiff asserts that he is entitled to judgment as a matter of law because Tomasetti and Clinard knowingly violated his clearly established constitutional rights by subjecting him to seven false arrests. (Id. at 1-3). Notably, however, Plaintiff's Summary Judgment Motion was filed before Clinard was served with process in this case, (Doc. No. 47), and before Plaintiff filed his most recent Motions for Leave to Amend his Complaint, (Doc. Nos. 52 and 61). Plaintiff's Motion for Summary Judgment, (Doc. No. 32), is dismissed, without prejudice, as premature.

4

Case 1:09-cv-00217-RJC   Document 66   Filed 09/30/11   Page 4 of 6

### E. Plaintiff's Motion to Amend Evidence

Plaintiff filed twenty pages of evidence supporting his allegations. (Doc. No. 62). Plaintiff requests permission to admit the documents into evidence. (Id.). The Court denies Plaintiff's motion as premature. His evidence will be maintained in the case file and the Court will consider its admissibility at the appropriate time upon consideration of a motion for summary judgment or at trial.

## III. DEFENDANTS' MOTIONS

### A. Defendants' Motion for Enlargement of Time

Defendants filed a Motion for Enlargement of Time to answer Plaintiff's January 5, 2011 complaint on January 21, 2011, (Doc. No. 54), but Defendants' request is now moot. Defendants are directed to answer Plaintiff's April 18, 2011 Amended Complaint, (Doc. No. 61), pursuant to the Rules of Civil Procedure. Defendants' Motion for Enlargement of Time, (Doc. No. 54), is dismissed as moot.

### B. Defendant Tomasetti's Motion for Judgment on the Pleadings

Tomasetti filed a Motion for Judgment on the Pleadings on June 26, 2009. (Doc. No. 24 at 1). However, because the Court is allowing Plaintiff to amend his Complaint, this Motion is dismissed, without prejudice, as premature.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion for Enlargement of Time, (Doc. No. 54), is **DISMISSED as moot**;

(2) Defendant Tomasetti's Motion for Judgment on the Pleadings, (Doc. No. 24), is **DISMISSED, without prejudice, as premature**;

(3) Plaintiff's Motion for Summary Judgment, (Doc. No. 32), is **DISMISSED**, **without**

**prejudice, as premature**;

(4) Plaintiff's Motion for Entry of Default, (Doc. No. 57), is **DENIED**;

(5) Plaintiff's Motion for Appointment of Counsel, (Doc. No. 58), is **DENIED**;

(6) Plaintiff's Motion to Amend Evidence, (Doc. No. 62), is **DENIED**;

(7) Plaintiff's January 5, 2011 Motion for Leave to Amend Complaint, (Doc. No. 52), is **DISMISSED as moot**;

(8) Plaintiff's April 18, 2011 Motion for Leave to Amend Complaint, (Doc. No. 61), is **GRANTED**. Defendants shall file a response to Plaintiff's Amended Complaint, (Doc. No. 61-1), in accordance with the Federal Rules of Civil Procedure.

(9) The Clerk shall add Darryl Fisher, L.K. Torgow, C. Jones, McCabe, Tammy Bryson, and Bigelow, as Defendants to this action, shall modify its records to reflect such additions, and shall prepare process for all Defendants and deliver same to the U.S. Marshal;

(10) The U.S. Marshal shall serve process upon Defendants Darryl Fisher, L.K. Torgow, C. Jones, McCabe, Tammy Bryson, and Bigelow;

(11) These defendants shall respond to Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure; and

(12) The Clerk shall send a copy of this Order to Plaintiff.

Signed: September 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge