**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-217-RJC**

| | |
|---|---|
| **DARRELL GAINES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **LOUIS TOMASETTI, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Jury Trial, (Doc. No. 79), Plaintiff's Motion to Appoint Counsel, (Doc. No. 81), and Plaintiff's Declaration for Entry of Default, (Doc. No. 89).

**I.    DISCUSSION**

    A.    Motion for Jury Trial

Plaintiff's filing, styled as a "Motion for Jury Trial," (Doc. No. 79), is a 27-page document in which Plaintiff presents legal arguments in support of his claims, as opposed to a request for trial by jury. Further, the Court cannot discern whether, in filing the Motion, Plaintiff intended for the Motion to be brought as a motion for judgment on the pleadings, a motion to dismiss, or a motion for summary judgment, all of which would be properly filed, dispositive motions under the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(c), 12(b)(6), 56. The Court therefore instructs the Clerk to terminate the "Motion for Jury Trial" as improperly filed.

B.  Motion for Appointment of Counsel

The Court will deny Plaintiff's Motion, (Doc. No. 81), as there is no right for a pro se plaintiff in a civil action to appointment of counsel absent extraordinary circumstances, which do not exist in this case. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989).

C.  Motion for Entry of Default

In his "Declaration for Entry of Default," Plaintiff requests that the Court enter default judgment against Defendants. (Doc. No. 89). In support of his Motion, Plaintiff contends that by Order dated December 20, 2011, this Court ordered Defendants to file an Answer or Response, but that Defendants failed to do so. Plaintiff is incorrect, as this Court entered an Order dated December 20, 2011, (Doc. No. 80), granting nunc pro tunc Defendants' October 26, 2011 motion for an extension of time to Answer or otherwise plead. Defendants filed a Motion to Dismiss on November 28, 2011. (Doc. No. 76).

Plaintiff further contends that Defendants are in default for failing to respond to Plaintiff's "Motion for Jury Trial." Plaintiff's Motion for Jury Trial was improperly filed. Defendants had no obligation to respond to the Motion. Regardless, Defendants' failure to respond to Plaintiff's "Motion for Jury Trial" did not render them in default. Therefore, the Court will deny Plaintiff's Declaration for Entry of Default.

II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is directed to terminate Plaintiff's "Motion for Jury Trial," (Doc. No. 79), as improperly filed;

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 81), is **DENIED**; and

3. Plaintiff's Declaration for Entry of Default, (Doc. No. 89), is **DENIED**.

Signed: February 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge