UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-217-RJC

| | |
|---|---|
| DARRELL GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LOUIS TOMASETTI, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on a Motion for Summary Judgment by Defendant Curtis Jones, (Doc. No. 73).

I.  **BACKGROUND**

Pro se Plaintiff Darrell Gaines ("Plaintiff") is an inmate, currently incarcerated at Hyde Correctional Institution, and serving a 10-12 year sentence after being convicted of being an habitual felon on November 15, 2007. In this lawsuit, filed pursuant to 42 U.S.C. § 1983, Plaintiff has sued numerous City of Asheville police officers, alleging that the officers unlawfully arrested him or issued him citations for trespassing at an Asheville public housing project on various dates. The City of Asheville Housing Authority ("Housing Authority") bans persons charged with certain crimes from entering properties managed by the Housing Authority. See (Doc. No. 61-1 at 18). Plaintiff contends that he was not on the banned list on the various dates in which he was either arrested or issued a citation for trespassing.

On June 5, 2009, Plaintiff filed his original Complaint against Louis Tomasetti, David Nash, Justin Clinard, and John Doe. On April 18, 2011, Plaintiff filed an Amended Complaint, adding, among others, Asheville Police Department ("APD") officer C. Jones ("C. Jones") as a

defendant.  (Doc. No. 61).  APD officer Jones was served with a summons and Amended Complaint, addressed to "C. Jones," on or about October 7, 2011.  See (Doc. No. 73 at ¶ 5).  On November 9, 2011, Curtis Jones filed a motion for summary judgment.  (Doc. No. 73).

## II. LEGAL STANDARD

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law.  FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).  Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## III. DISCUSSION

In the Amended Complaint, Plaintiff alleged a claim of false arrest against a "C. Jones," arising out of "C. Jones's" arrest of Plaintiff on May 13, 2007.  (Doc. No. 61-1 at 10).  On or around October 7, 2011, Defendant Curtis Jones was served with a copy of the Summons and Amended Complaint, addressed to "Defendant 'C. Jones.'"  (Doc. No. 74: Curtis Jones Aff. at ¶¶ 3-4, Ex. 1).  Defendant Curtis Jones states in his affidavit, however, that he was not working on May 13, 2007.  (Id. at ¶ 8, Ex. 2).  Defendant Curtis Jones has also produced his time sheet for May 13, 2007, which shows that he was not working on that date.  (Id.).

Defendant Curtis Jones has also presented evidence that on May 13, 2007, the APD hired another "C. Jones," police officer Casey Jones.  (Id. at ¶ 9).  Furthermore, the APD "Event Report" Number 2007-094361 for Case # 07-14036 reflects that Officer (now Sergeant) Don

Eberhart responded to a call involving Darrell Gaines on May 13, 2007, at Lee Walker Heights Apartments. (Id. at ¶ 10, Ex. 3). The Pistol Records Management System of the APD reflects that Officers Don Eberhart (ID No. 2142) and Officer Casey P. Jones (ID No. 2281) logged in Event Number 2007-094361. (Id. at ¶ 11, Ex. 4). On May 13, 2007, Officer Don Eberhart was serving in the capacity of Field Training Officer and Officer Don Eberhart was training Officer Trainee Casey Jones. (Id. at ¶ 12). Defendant Curtis Jones's APD ID No. is 2043. (Id. at ¶ 13). All of this evidence, of course, suggests that the "C. Jones" who arrested Plaintiff on May 13, 2007, was most likely officer Casey Jones.

Plaintiff has not presented any evidence on summary judgment to rebut Defendant Curtis Jones' evidence showing that he was not working on May 13, 2007. Therefore, Defendant Curtis Jones is entitled to summary judgment on Plaintiff's false arrest claim.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Curtis Jones' Motion for Summary Judgment, (Doc. No. 73), is **GRANTED**, and Plaintiff's claims against Defendant Curtis Jones are dismissed with prejudice.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge