UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-217-RJC

| | |
|---|---|
| DARRELL GAINES, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| LOUIS TOMASETTI, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on a Motion to Dismiss the Amended Complaint by Defendants Luke Bigelow, Tammy Bryson, Justin Clinard, Darryl Fisher, C. Jones, Leo McCabe, Louis Tomasetti, and Leslie Torgow, (Doc. No. 76), and a Motion for Jury Trial by Plaintiff Darrell Gaines, (Doc. No. 92).

**I.      BACKGROUND**

  A.    Procedural Background

Pro se Plaintiff Darrell Gaines ("Plaintiff") is an inmate, currently incarcerated at Hyde Correctional Institution, and serving a 10-12 year sentence after being convicted of being an habitual felon on November 15, 2007. In this lawsuit, filed pursuant to 42 U.S.C. § 1983, Plaintiff has sued numerous City of Asheville police officers, alleging that the officers unlawfully arrested him or issued him citations for trespassing at an Asheville public housing project on various dates. As the Court discusses, infra, the City of Asheville Housing Authority ("Housing Authority") bans persons charged with certain crimes from entering properties managed by the Housing Authority. See (Doc. No. 61-1 at 18). Plaintiff contends that he was not on the banned list on the various dates in which he was either arrested or issued a citation for

trespassing.

On June 5, 2009, Plaintiff filed his original Complaint against Louis Tomasetti ("Tomasetti"), David Nash ("Nash"), Justin Clinard ("Clinard"), and John Doe ("Doe"). At all relevant times, Defendants Tomasetti and Clinard were City of Asheville Police Department ("APD") officers. The original Complaint alleged that Defendant Doe was an unknown APD officer, and that Defendant Nash was, at all relevant times, a Housing Authority supervisor. (Doc. No. 1 at 3).

In the original Complaint, Plaintiff alleged, among other things, that the APD officers violated Plaintiff's rights under the U.S. Constitution by falsely arresting Plaintiff or issuing him citations at various times for trespassing at a public housing project managed by the Housing Authority and by committing assault and battery on Plaintiff by making Plaintiff's handcuffs excessively tight. See (id. at 5; 6). By Order entered June 29, 2009, this Court dismissed all of Plaintiff's claims except his false arrest claims against Defendants Tomasetti and Clinard. (Doc. No. 4).

On April 18, 2011, Plaintiff filed an Amended Complaint, adding APD officers Luke Bigelow ("Bigelow"), Tammy Bryson ("Bryson"), Darryl Fisher ("Fisher"), C. Jones ("C. Jones"), Leo McCabe ("McCabe"), and Leslie Torgow ("Torgow") as Defendants; adding claims arising out of trespassing arrests or the issuance of trespassing citations on additional dates; changing some of his allegations from those of arrest to issuance of citations; and in some cases changing the identity of the issuing or arresting officer. (Doc. No. 61). Defendants Bryson, Fisher, Tomasetti, and Torgow were all served with a summons and the Amended Complaint on or about October 7, 2011. See (Doc. No. 69). There is no indication that Defendants Clinard or McCabe, who are no longer employed with the APD, were ever served with Plaintiff's Amended

Complaint. See (Doc. No. 70). Because these Defendants have joined in the pending motion to dismiss, however, they have waived any arguments regarding service of process.

On November 28, 2011, Defendants Bigelow, Bryson, Clinard, Fisher, C. Jones, McCabe, Tomasetti, and Torgow filed a motion to dismiss. (Doc. No. 76). On March 28, 2012, Plaintiff filed a Motion for Jury Trial. (Doc. No. 92).

B.    Factual Background[1]

In the Amended Complaint, Plaintiff alleges that each Defendant, on a particular day, "in a chain of conspiracy . . . and in a false manner, with reckless disregard to the truth and with conscious knowledge of [the] falsity" of the charges, either issued a citation or arrested Plaintiff for trespassing on Housing Authority property and, in most cases, "the district Attorney dismissed the charges." See, e.g., (Doc. 61-1 at 7). Plaintiff further alleges that, after each trespassing charge was dismissed, Defendants conspired to provide "false information to the Housing Authority trying to have the Plaintiff banned . . . ." (Id. at 17). Plaintiff states that "[t]he fourth amendment does not permit locking up an individual repeatedly, just to investigate them without probable cause" and "[t]hese unjustified, unsubstantiated charges were going [on] repeatedly." (Id.).

Plaintiff has attached to the Complaint various criminal records showing the trespassing and other charges against him.[2] Plaintiff has also attached to his Amended Complaint a letter

---

[1] For the purposes of this Motion to Dismiss, the Court accepts as true Plaintiff's factual allegations and construes them in the light most favorable to Plaintiff. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010).

[2] Generally, the Court considers only the pleadings when ruling on a Rule 12(b)(6) motion. See FED. R. CIV. P. 12(d). In addressing a 12(b)(6) motion, however, the Court may consider documents that are "integral to and explicitly relied on in the complaint" so long as the authenticity of such documents is not disputed. See Am. Chiropractic Ass'n, Inc. v. Trigon

3

dated April 23, 2009, on Housing Authority letterhead, stating, in relevant part, that Plaintiff was "charged with Possession of Drug Paraphernalia and Common Law Robbery on June 2, 2007"; that he was "banned from all properties managed by the Housing Authority of the City of Asheville"; and that the "ban will be in effect for 3 years." (Doc. No. 61 at 18). The April 23, 2009 letter also states that the date that the ban commences is "the date the person is charged until the date of conviction." (Id.). Thus, at least according to the April 23, 2009 letter, Plaintiff was banned from Housing Authority property beginning June 2, 2007, for the next three years.[3]

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). In order to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling

---

Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Here, the authenticity of the documents referenced in the Complaint and attached thereto as exhibits is not in dispute. Accordingly, the Court may consider these documents in ruling on Defendants' motion to dismiss without converting this to a summary judgment proceeding.

[3] Plaintiff argues that the common law robbery charge was dismissed, thus suggesting that he was no longer banned from Housing Authority property as of the date that charge was dismissed. However, as to the charge for possession of drug paraphernalia, Plaintiff's criminal records indicate that the charge was consolidated with other charges, to which Plaintiff pled guilty on November 15, 2007. See (Doc. No. 61-1 at 22). In any event, Plaintiff does not indicate that he ever appealed the Housing Authority's decision to ban him for three years.

4

him to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

**III. DISCUSSION**

    A. <u>Defendants' Contention that the Allegations in the Amended Complaint Do Not Meet the *Iqbal* and *Twombly* Pleading Standards for Alleging False Arrest</u>

The Court first addresses Defendants' motion to dismiss Plaintiff's false arrest claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[4] In support of the motion to dismiss, Defendants first contend that the Amended Complaint falls short of the Iqbal and Twombly pleading standard because it lacks sufficient factual content to create the reasonable inference of liability by Defendants for a Fourth Amendment violation. Defendants contend that Plaintiff's claims are mere recitations of the elements of a claim for false arrest, without supporting facts. As for Plaintiff's contention that he was not banned from Housing Authority property on certain dates, Defendants contend that the Housing Authority letter only affirms that Plaintiff was banned from Housing Authority property for part of the relevant time period – that is, from June 2, 2007 to June 2, 2010. Defendants contend that nothing in the letter indicates that this was the exclusive period that Plaintiff was banned from Housing Authority property or that he was allowed on Housing Authority property for any of the dates that he alleges he was subjected to false arrest.

    The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be

---

[4] By Order dated June 29, 2009, the Court dismissed all claims except for Plaintiff's Fourth Amendment claim alleging false arrest. (Doc. No. 4).

seized.

U.S. CONST. amend. IV. To state a claim for unlawful arrest, a plaintiff must allege that the arrest was made without a warrant and without probable cause to believe that the plaintiff committed a crime. See Miller v. Prince George's Cnty., Md., 475 F.3d 621, 627 (4th Cir. 2007). Probable cause to arrest without a warrant "exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person being arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995).

Here, Plaintiff's Fourth Amendment claim is based on (1) actual arrests for trespassing by Defendants and (2) the issuance of trespassing citations, without an attendant arrest, by Defendants. The Court will address these two types of conduct separately in analyzing Plaintiff's Fourth Amendment claim.

### B. Alleged Issuance of Citations For Trespassing

Plaintiff alleges that Defendants Fisher, C. Jones, McCabe, Bigelow and Tomasetti issued citations for trespassing without actually arresting Plaintiff, and that the issuance of these citations violated Plaintiff's Fourth Amendment rights. This Court finds that Plaintiff fails to state a Fourth Amendment claim based on the issuance of trespassing citations because the mere issuance of a trespassing citation, without any attendant restraint on an individual's freedom of movement, does not constitute a seizure within the meaning of the Fourth Amendment. This Court notes that, although the Fourth Circuit does not appear to have addressed this precise issue, every other circuit court of appeals that has addressed the issue has held that the Fourth Amendment is not implicated by the issuance of a citation (or other similar notice of an infraction, sometimes requiring a plaintiff to appear in court) where the plaintiff's freedom of

6

movement was never restrained.  See, e.g., Martinez v. Carr, 479 F.3d 1292, 1299 (10th Cir. 2007) (holding that the police officer did not seize the plaintiff within the meaning of the Fourth Amendment where the officer issued a misdemeanor citation to the plaintiff for resisting, evading, or obstructing an officer, and where the officer gave the plaintiff the choice of either signing the citation or going to jail); DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (holding that a summons for defiant trespass, requiring the plaintiff's subsequent attendance at trial, was not a Fourth Amendment seizure); Karam v. City of Burbank, 352 F.3d 1188 (9th Cir. 2003) (holding that there was no Fourth Amendment seizure where the plaintiff was charged with a misdemeanor and, in lieu of jail time, agreed to appear in court and not leave California without the court's permission); DePiero v. City of Macedonia, 180 F.3d 770, 789 (6th Cir. 1999) (holding that the issuance of a parking ticket did not implicate the Fourth Amendment); Britton v. Maloney, 196 F.3d 24, 29-30 (1st Cir. 1999) (holding that there was no Fourth Amendment seizure where a police officer filed baseless criminal charges against the plaintiff, where the plaintiff was not arrested or detained, but received a summons requiring him to appear in court to defend the charges).  In sum, the Court will dismiss Plaintiff's Fourth Amendment claims against Defendants Fisher, C. Jones, McCabe, Bigelow and Tomasetti for issuing trespassing citations to Plaintiff without also arresting Plaintiff.  Because Plaintiff only asserts claims against Defendants Fisher, C. Jones, McCabe, and Bigelow for issuing citations, these defendants are **DISMISSED**.[5]

C. Alleged Unlawful Arrests For Trespassing

The Court first finds that Plaintiff has sufficiently alleged a Fourth Amendment claim

---

[5] Plaintiff alleges an additional claim against Tomasetti for unlawful arrest, which is addressed below.

7

Case 1:09-cv-00217-RJC   Document 94   Filed 04/26/12   Page 7 of 12

based on unlawful arrest against those moving Defendants who arrested Plaintiff, as opposed to those Defendants who issued trespassing citations only. In other words, Plaintiff has articulated facts that, when accepted as true and drawing all inferences in Plaintiff's favor, show that Plaintiff has raised at least the plausibility of entitlement to relief. These alleged facts, and the inferences drawn therefrom, are that Defendants arrested Plaintiff for trespassing on Housing Authority property while knowing that Plaintiff was, in fact, not banned from entering Housing Authority property – i.e., Defendants knew that Plaintiff was not trespassing when they arrested him for trespassing. Assuming these facts are true, then Defendants effected an unlawful arrest in violation of the Fourth Amendment. Therefore, the Court will deny Defendants' motion to dismiss Plaintiff's Fourth Amendment claim as to those Defendants who arrested Plaintiff for trespassing.

1. The Applicable Statute of Limitations

Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). In North Carolina, the statute of limitations for personal injuries is three years. See N.C. GEN. STAT. § 1-52(16). Under N.C. GEN. STAT. § 1-52(13), the statute of limitations for claims against public officers acting under color of office is also three years. Based on North Carolina law regarding the statute of limitations, this Court finds that the applicable statute of limitations for Plaintiff's false arrest claims is three years.

Although the statute of limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff

8

knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action"). The statute of limitations for a § 1983 claim of false arrest begins to run on the date of the arrest. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) ("There is no question that on the day of his arrest [the plaintiff] knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury.").

Plaintiff filed his initial Complaint on June 5, 2009; therefore, the three-year statute of limitations bars any claim brought for arrests before June 5, 2006. Furthermore, where Plaintiff added new parties and new claims in his Amended Complaint, filed on April 18, 2011, for any amended claim to relate back to the date of the original Complaint, the amendment must "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Where the amendment "changes the party or the naming of the party against whom a claim is asserted," the amendment will relate back if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C).

### 2. Arrest by Defendant Tomasetti

Defendant Tomasetti arrested Plaintiff on February 16, 2007 pursuant to a valid warrant (Warrant 07 CR 51853), issued by Buncombe County Magistrate Matthew Moss, charging Plaintiff with second-degree trespass. Where an officer makes an arrest pursuant to a facially valid warrant issued by a neutral and detached magistrate, the arresting officer cannot be held liable for false arrest. Gantt v. Whitaker, 203 F. Supp. 2d 503, 511 (M.D.N.C. 2002). Plaintiff does not challenge the validity of the warrant. Because Tomasetti arrested Plaintiff pursuant to a valid arrest warrant on February 16, 2007, Plaintiff's unlawful arrest claim against Tomasetti is dismissed.[6] This is the only remaining claim against Tomasetti. Therefore, Tomasetti is **DISMISSED**.

### 3. Arrest by Defendant Bryson

Defendant Bryson arrested Plaintiff on September 8, 2007. First, Plaintiff did not allege a claim against Bryson in his initial Complaint; therefore, the claims are barred by the three-year statute of limitations. Second, by Plaintiff's own admission, and as the Housing Authority letter dated April 23, 2009 confirms, Plaintiff was banned from entering Housing Authority property beginning on June 2, 2007, and for the next three years. (Doc. No. 61-1 at 18). Thus, the alleged arrest was not unlawful because Plaintiff was banned from entering Housing Authority property on September 8, 2007. Therefore, Defendant Bryson is **DISMISSED**.

### 4. Arrest by Defendant Clinard

---

[6] It should also be noted that on March 28, 2007, Plaintiff pled guilty to the charges of second-degree trespass, in Buncombe County Case No. 07 CR 051853. See (Doc. No. 10, Ex. A). Plaintiff has not shown that the guilty plea has been overturned or invalidated. Therefore, his claim against Defendant Tomasetti for an unlawful arrest is also barred by the principles announced in Heck v. Humphrey, 512 U.S. 477 (1994).

In both the initial and amended Complaints, Plaintiff alleges that Defendant Clinard unlawfully arrested Plaintiff for trespassing on October 17, 2006. More specifically, in the Amended Complaint, Plaintiff alleges that Defendant Clinard:

> on or about 10/17/06 and in a false manner, with reckless disregard to the truth and with conscious knowledge of his falsity, . . . pulled me over, [and] told me I was barred from all Properties managed by the Housing Authority. I was handcuffed, frisked and searched, arrested for trespassing and I was transported to the Buncombe County Jail. Processed in booking place in Jail for trespassing. Went to Court and the District Attorney dismissed the charges . . . .

(Doc. No. 61-1 at 4).

Here, accepting Plaintiff's allegations as true, and drawing all inferences in Plaintiff's favor, Defendant Clinard arrested Plaintiff for trespassing, while knowing that Plaintiff was not banned from entering Housing Authority property – i.e., while knowing that Clinard lacked probable cause to arrest Plaintiff. As the Court has already found with regard to Plaintiff's allegations of false arrest against all of the named Defendants, these allegations are sufficient to state a Fourth Amendment claim for unlawful arrest under the Twombly and Iqbal pleading standards. Furthermore, the claim against Clinard is not barred by the three-year statute of limitations because Plaintiff alleged the claim against Clinard in the initial Complaint.

Clinard claims the defense of qualified immunity. If Plaintiff's allegations are true – i.e., if Clinard arrested Plaintiff knowing that he lacked probable cause to do so – then Clinard does not enjoy qualified immunity because it is clearly established that an officer violates the Fourth Amendment if he effects a warrantless arrest knowing that he lacks probable cause to effect the arrest. The motion to dismiss as to Defendant Clinard is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, all Defendants except for Clinard are entitled to have all of

the claims against them dismissed with prejudice. The Court denies the motion to dismiss as to Plaintiff's Fourth Amendment unlawful arrest claim against Defendant Clinard.

**IT IS THEREFORE ORDERED** that:

1. The Motion to Dismiss as to Defendants Bigelow, Bryson, Fisher, C. Jones, McCabe, Tomasetti, and Torgow, (Doc. No. 76), is **GRANTED**, and Plaintiff's claims against these Defendants are dismissed with prejudice. The Motion to Dismiss as to Defendant Clinard is **DENIED**; and

2. Plaintiff's Motion for Jury Trial, (Doc. No. 92), is **DISMISSED**. Plaintiff has invoked his right to a jury trial on his false arrest claim against Clinard. Plaintiff will be entitled to a jury trial on this issue unless Clinard later shows the Court that Clinard is entitled to judgment as a matter of law upon consideration of a properly filed motion for summary judgment.

Signed: April 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge