UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-217-RJC

| | |
|---|---|
| DARRELL GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JUSTIN CLINARD, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's renewed motion for a jury trial, (Doc. No. 100), and his motion to appoint counsel to represent him, (Doc. No. 102), in an action filed under 42 U.S.C. § 1983.

I. BACKGROUND

Plaintiff filed this pro se Section 1983 complaint against several defendants who he alleges were serving as police officers for the City of Asheville. Plaintiff alleges that the named defendants unlawfully arrested him or issued citations to him for trespassing on the grounds of an Asheville public housing project on various dates.[1] Defendant Curtis Jones filed a motion for summary judgment which the Court granted after finding that Plaintiff had failed to allege material facts such that a reasonable fact finder could find in his favor. (Doc. Nos. 73; 93: Order on Motion for Summary Judgment). The remaining defendants filed a motion to dismiss under Federal Rule of Civil Procedures 12(b)(6). (Doc. No. 76). The Court granted the motion in part and denied the motion in part. The Court found that Plaintiff had failed to state claims upon

---

[1] Defendants Nash and Doe were dismissed for failure to state a claim earlier in the case. (Doc. No. 4).

1

which relief could be granted against Defendants Bigelow, Bryson, Fisher, C. Jones, McCabe, Tomasetti, and Torgow, and therefore dismissed Plaintiff's claims against them with prejudice. The Court denied Defendant Clinard's motion to dismiss after concluding that Plaintiff had presented sufficient facts to at least survive the motion to dismiss. (Doc. No. 94). Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 95).

On October 2, 2012, the Fourth Circuit found that Plaintiff was appealing from an order which dismissed all defendants save Defendant Clinard. The Court concluded that it could not exercise jurisdiction over the district court's order of dismissal because it was not a final order which disposed of all of Plaintiff's claims nor was it an appealable interlocutory order. Gaines v. Tomasetti, et al., No. 12-6885 (4th Cir. Oct. 2, 2012) (unpublished). (Doc. No. 101).

Prior to Plaintiff's appeal, Defendant Clinard filed an answer to Plaintiff's complaint, and Plaintiff then filed an amended complaint. (Doc. Nos. 56; 61). Next, Defendant Clinard joined the remaining defendants in filing the motion to dismiss the amended complaint. (Doc. No. 76).

**II. DISCUSSION**

Plaintiff has filed two motions, one seeking appointment of counsel and one seeking to renew his motion for a jury trial. For the reasons that follow, the Court will deny Plaintiff's motion for counsel and defer ruling on the motion for a jury trial.

    A.    <u>Motion for Counsel</u>

Plaintiff has filed a motion to appoint counsel contending only that he is ready to move forward with his allegations against the lone remaining defendant. (Doc. No. 102). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney to assist an indigent person in a civil case. In order to support the exercise of the Court's discretion, the litigant must demonstrate exceptional circumstances. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163

2

Case 1:09-cv-00217-RJC   Document 103   Filed 10/17/12   Page 2 of 4

(4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); see also Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (recognizing the appointment of counsel in a civil case "is a privilege not a right.").

The Court has examined Plaintiff's amended complaint and his various responses to the defendants' motion to dismiss his amended complaint; Defendant Jones' motion for summary judgment; and Plaintiff's renewed motion for a jury trial. The Court finds that Plaintiff has been able to fairly articulate his positions in this matter and has failed to present exceptional circumstances to warrant appoint of counsel. This motion will therefore be denied.

    B.    <u>Motion for Jury Trial</u>

Defendant Clinard has not yet filed an answer to Plaintiff's amended complaint. As the Fourth Circuit has dismissed Plaintiff's appeal for lack of jurisdiction, the Court will provide Defendant Clinard with twenty (20) days from entry of this Order to file an answer to Plaintiff's amended complaint.

The Court finds that a decision on Plaintiff's renewed motion for a jury trial should be deferred. Should Plaintiff's amended complaint survive any dispositive motions filed by Defendant Clinard, the Court will rule on Plaintiff's motion.

**III.    CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. Defendant Clinard shall have **twenty (20) days** from entry of this Order to file an answer to Plaintiff's amended complaint, (Doc. No. 61);

2. Plaintiff's Motion for Appointment of Counsel, (Doc. No. 102), is **DENIED**;

3. Plaintiff's Renewed Motion for a Jury Trial, (Doc. No. 100), is **DEFERRED**

3

Case 1:09-cv-00217-RJC   Document 103   Filed 10/17/12   Page 3 of 4

pending the resolution of any dispositive motions in this case; and

4. The Clerk of Court is directed the change the caption of this case to reflect the sole Defendant as Justin Clinard.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge