IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-217-RJC

| | |
|---|---|
| DARRELL GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| JUSTIN CLINARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's motion for a new trial, (Doc. No. 100), and his motion to appoint counsel. (Doc. No. 108)

**I.     BACKGROUND**

On April 26, 2012, the Court entered an Order dismissing all of the defendants in this matter save for Defendant Clinard. The Court found that Plaintiff had sufficiently alleged a Fourth Amendment claim against Clinard for unlawful arrest. The Court noted that at the Rule 12(b)(6) stage of the litigation, Plaintiff's allegations, when accepted as true, tended to show that Clinard arrested Plaintiff while on Housing Authority property in Asheville, North Carolina, with knowledge that Plaintiff was not in fact banned from such property. (Doc. No. 94 at 7-8).

On May 10, 2012, the Clerk of Court filed Plaintiff's Notice of Appeal from the Court's Order to the United States Court of Appeals for the Fourth Circuit. On October 2, 2012, the Court dismissed Plaintiff's appeal after finding that this Court's Order was "neither a final order nor an appealable interlocutory or collateral order." Gaines v. Tomasetti, No. 12-6885 (4th Cir. Oct. 2, 2012). (Doc. No. 101). The Court issued its mandate on October 24, 2012. (Doc. No.

1

104). On November 6, 2012, Defendant Clinard, by and through counsel, filed his answer to Plaintiff's amended complaint.

## II.     MOTION FOR A NEW TRIAL

On February 22, 2013, the Court entered a Pretrial Order and Case Management Plan which set deadlines for discovery, April 30th, and the filing of dispositive motions, May 30, 2013. (Doc. No. 1-7). The Court has not yet set this case for trial, and depending on the filing of dispositive motions, the case may or may not proceed to trial. Plaintiff's motion for a new trial, (Doc. No. 100), will be denied without prejudice, subject to the Court determining whether this case may proceed to trial.

## III.    MOTION FOR COUNSEL

In his motion Plaintiff requests the appointment of counsel to assist him with discovery and in complying with the "Federal Rules." (Doc. No. 108). The law is clear that a civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa , 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); see also Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of counsel in a civil case "is a privilege

not a right.").

Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney for an indigent person in a civil case. In order to warrant the Court's exercise of this discretion, the litigant must demonstrate the existence of exceptional circumstances. Whisenant, 739 F.2d at 163. The existence of exceptional circumstances depends

upon "'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). A plaintiff can show exceptional circumstances by demonstrating that he "has a colorable claim but lacks the capacity to present it." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

The Court has examined Plaintiff's amended complaint, and finds that Plaintiff has adequately presented his allegations to the Court. Further, the central issue presented is whether there is sufficient evidence that Defendant Clinard knew Plaintiff was not in fact banned from Housing Authority property at the time of Plaintiff's arrest. This does not present as an overly complex issue and Plaintiff's motion for appointment of counsel will therefore be denied in the Court's discretion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for a New Trial is **DENIED** without prejudice. (Doc. No. 100)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED**. (Doc. No. 108).

Signed: March 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge